**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED
AUG 22 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

QUINTIN IRVING BROWN,

    Petitioner,

v.                                       Case No. 2:11cv84

STANLEY K. YOUNG, Warden, et. al.,

    Respondents.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 9.) The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED and dismissed WITHOUT PREJUDICE.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner was convicted of two (2) counts of forgery, two (2) counts of uttering, and two (2) counts of attempting to obtain money by false pretenses on June 23, 2009, in the Circuit Court for the City of Portsmouth. Petitioner was sentenced on

September 8, 2009, to sixty (60) years incarceration with fifty-six (56) years suspended. Petitioner appealed his convictions to the Virginia Court of Appeals which denied the appeal on April 14, 2010. On June 17, 2010, the Virginia Court of Appeals denied Petitioner's petition for review by a three-judge panel. Brown v. Commonwealth, Case No. 2246-09 (Va. Ct. App. June 17, 2010).

Petitioner then appealed to the Virginia Supreme Court which refused his appeal on July 12, 2011. Petitioner submitted a petition for rehearing on July 25, 2011, and this petition is still pending before the Virginia Supreme Court. Brown v. Commonwealth, Case No. 101253 (Va. Sup. Ct. July 12, 2011). Petitioner also filed a petition for writ of habeas corpus with the Virginia Supreme Court which was dismissed as premature on November 15, 2010, without prejudice to Petitioner's right to file a subsequent habeas petition. Brown v. Director, Dept. of Corrections, Case No. 101785 (Va. Sup. Ct. Nov. 15, 2010).

Petitioner submitted his Petition for Writ of Habeas Corpus to this Court which was conditionally filed on February 10, 2011. (ECF No. 1.) Petitioner also filed a Motion for Leave to Proceed in forma pauperis which the Court granted on February 25, 2011. (ECF Nos. 2-3.) The Court ordered the Petitioner to submit his petition on the proper form and the Petitioner complied on June 3, 2011. (ECF No. 9.) Respondent filed a Motion to Dismiss on July 8, 2011. (ECF No. 19.) Petitioner filed his

Response to the Motion to Dismiss on July 22, 2011. (ECF No. 25.)

### B. Grounds Raised

Petitioner presents the following claims in his petition:

1. That the trial court which convicted the Petitioner lacked jurisdiction.

2. That Petitioner's due process rights were violated when the prosecution failed to disclose favorable evidence;

3. That Petitioner's trial counsel was ineffective in his handling of certain motions related to a possible violation of Petitioner's Miranda rights.

4. That Petitioner's trial counsel was ineffective when he failed to file a motion to withdraw Petitioner's guilty plea.

5. That Petitioner's due process rights were violated by the use of evidence obtained pursuant to an unlawful arrest.

6. That Petitioner's due process rights were violated by the use of evidence obtained in violation of the privilege against self-incrimination.

7. That Petitioner's due process rights were violated by the manner in which the grand jury was selected and impaneled.

8. That Petitioner's due process rights were violated when the Court accepted his guilty plea which was unlawfully induced or not voluntary.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Petitioner's habeas corpus petition because the Court FINDS that Petitioner's claims are not exhausted and therefore should be dismissed

WITHOUT PREJUDICE as the Petitioner is not time-barred from filing a habeas petition in state court.

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. 28 U.S.C. § 2254(b); Wilson v. Ozmint, 352 F.3d 847, 867 (4th Cir. 2003); Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). A petitioner's claims are exhausted if "both the operative facts and the controlling legal principles," Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997), have been presented "at least once to the highest state court," Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). The Petitioner bears the burden of proving that a claim has been exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

It is clear from the Virginia Supreme Court records that Petitioner's appeal of his convictions was only recently refused and Petitioner's petition for rehearing is still pending. Further, Petitioner's state habeas petition was dismissed without prejudice as premature. Therefore, the Virginia Supreme

Court did not reach the merits of that petition.

The Court also notes that the only assignments of error raised in Petitioner's direct appeal involved the trial court's denial of Petitioner's motion for a continuance and denial of Petitioner's motion to withdraw his guilty plea. Therefore, Petitioner's direct appeal could only serve to exhaust, at most, one of Petitioner's claims in the current petition.[1] Further, at least two of Petitioner's claims can only be presented to the Virginia Supreme Court through a state habeas petition.[2] Finally, the Court notes that even if the instant petition contained both exhausted and unexhausted claims, the petition must still be dismissed without prejudice pursuant to the total exhaustion rule stated by the Supreme Court of the United States in Rose v. Lundy, 455 U.S. 509 (1982).[3]

---

[1] The Court notes that on direct appeal Petitioner argued that the trial court erred when it denied Petitioner's request to withdraw his plea of guilty. In the present petition, Petitioner claims that the trial court improperly convicted him on his guilty plea which was not knowing and voluntary. The Court does not reach the question of whether Petitioner's direct appeal fairly presented the instant claim to the state court.

[2] Virginia law requires that claims of ineffective assistance of counsel be pursued in habeas corpus proceedings, not on direct appeal. Lenz v. Commonwealth, 261 Va. 451, 460 (2001).

[3] In Rose v. Lundy, the Supreme Court held that when a district court is presented with a petition containing both exhausted and unexhausted claims, it must be dismissed without prejudice in its entirety to allow the petitioner an opportunity to achieve "total exhaustion." Rose, 455 U.S. at 522. In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court recognized that, in some circumstances, rigid enforcement of the

Petitioner has failed to show why his petition should not be denied at this time due to his failure to exhaust his state court remedies. However, the petition will be dismissed without prejudice because the Petitioner is not time-barred from filing a habeas petition in a Virginia court. Virginia Code § 8.01-654(A)(2) provides that "[a] habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." The final disposition of Petitioner's direct appeal has not been completed. Therefore, Petitioner still has the opportunity to file a timely habeas petition with the Virginia Supreme Court.

For the reasons stated, this Court FINDS that Petitioner's claims are not exhausted and therefore not properly before this Court. The Court also FINDS that Petitioner has not shown why this Court should consider his claims at this time despite his

---

total exhaustion rule might result in the petitioner losing the opportunity for any federal review of his claims if the mixed petition is dismissed without prejudice close to or after the expiration of the AEDPA's 1-year statute of limitations. Rhines, 544 U.S. at 274-75. In such cases, Rhines established criteria pursuant to which the district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Id. at 277-78. Expiration of the 1-year limitations period for Brown's claims is not imminent—indeed, it has not yet begun to run—therefore, his petition is subject to the total exhaustion requirement.

failure to exhaust.

## IV. RECOMMENDATION

For the foregoing reasons, the Court, having found that the claims raised in the instant petition have not been exhausted, RECOMMENDS that Petitioner's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss (ECF No. 19) be GRANTED, that Petitioner's Motions for summary and declaratory judgment (ECF Nos. 14-15) be DENIED, and that all of Petitioner's claims be DISMISSED WITHOUT PREJUDICE.

Petitioner failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2233(c)(2) Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three

(3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

August 22, 2011

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Quintin Irving Brown
1146667
Pocahontas State Correctional Center
P.O. Box 518
Pocahontas, VA 24635-0518
PRO SE

Joshua Mikell Didlake
Office of the Attorney General (Richmond)
900 E Main St
Richmond, VA 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,

Clerk of Court

By: _____
Deputy Clerk

____August 23____, 2011